## POPE *vs.* THE TOWN OF UNION.*

1. If the owner of a tract of land lays it out in lots and streets, by a map publicly exhibited or filed in the proper public office, and sells lots laid out on said map by a reference thereto, he thereby dedicates to the public those streets on said map, along which lots have been sold. Such dedication does not make them public streets or highways until the proper municipal authorities have accepted them as such, or in some way ratified the dedication.

2. The proper municipal authorities charged with laying out and maintaining streets, have the right, on the part of the public, to take and appropriate the lands so dedicated, for the purpose for which they were dedicated, and to grade and construct streets and highways upon them without further compensation; or in cases where it is required to vest the title in the public, upon a nominal consideration.

3. The map or conveyance may qualify the dedication. But laying out land in lots and streets, clearly marked as such, and selling lots bounded on such streets, without any qualification, must be held as an absolute dedication.

4. An intention to qualify the dedication concealed within the breast of the owner, or not expressed in some way on the map or in the conveyances, cannot be regarded.

5. Whether a contemplated street would not be unwise and injudicious, and even if it would be productive of great injury to private property, cannot be considered by this court. It is a matter exclusively within the province of the municipal authorities.

6. Whether the proceedings of municipal authorities have been according to law, is within the jurisdiction of the courts of law.

*Mr. Lyon,* for complainant.

*Mr. Abbett,* for defendants.

THE CHANCELLOR.

The complainant asks for an injunction to restrain the town of Union from opening and grading a street across his property in that town.

The town has municipal powers to open, grade, and level streets, and assess the cost on the lands benefited; and it has passed an ordinance for it in this case.

* CITED *in* *Clark* v. *Elizabeth,* 8 *Vr.* 125.

The complainant objects, in this case, on the ground that the street intended to be opened across his lands is not a public street, and that leveling and constructing the street at the grade fixed by the ordinance will, in some places, excavate in front of his lots to the depth of twenty feet, and fill up in other places in front of his lots to the height of twenty feet, which will make these lots of no value, or nearly so.

He alleges that, in 1862, he filed in the county clerk's office a map laying out his lands in streets and lots, and that the place where this street is intended to be leveled and graded, was laid out on said map as a street, and was called on said map Durham avenue.

It is to be implied from the statements of the bill and the allegations in the answer, that he sold lots on the tracts so laid out, including lots fronting on this street, to the amount of at least half of the whole front.

The bill states that from the nature of the ground this street was not intended as a highway or street for the use of the public, but only as a mode of ingress and egress for those who might reside on the line of the same; and that a street at any grade that it could be constructed, or at the grade at which this is proposed to be constructed, would be so steep as to be of little use as a street. A copy of the map filed is annexed to the bill.

It is now well settled, by repeated adjudications in England and this country, that if the owner of a tract of land lays it out in lots and streets, by a map publicly exhibited, or filed in the proper public office, and sells lots laid out on said map by a reference thereto, he thereby dedicates the streets on said map to the public. At least streets on said map along which lots have been sold are so dedicated.

This dedication does not make them public streets or highways until the proper municipal authorities have accepted them as such, or in some way ratified the dedication.

But in all these cases the proper municipal authorities charged with laying out and maintaining streets, have the right, on part of the public, to take and appropriate the

lands so dedicated, for the purpose for which they were dedicated, and to grade and construct streets and highways upon them without further compensation; or in cases where it is required to vest the title in the public, upon a nominal consideration.

In all these cases, the map or conveyance may qualify the dedication. For dedication is by the act of the owner, and depends on his intention as expressed.

But laying out land in lots and streets clearly marked as such, and selling lots bounded on such streets without any qualification, must, both upon principle and authority, be held as a dedication to the public, as streets. An intention to qualify the dedication concealed within the breast of the owner, or not expressed in some way on the map or in the conveyances which are the evidence of, and constitute the dedication, cannot be regarded. The dedication is absolute.

The situation of the ground, as it was impracticable to construct a public street upon it for public purposes, might perhaps qualify the dedication. But from the answer and affidavits in this case, I am satisfied that such is not the case here. It may be a very steep and inconvenient street, but cannot be more so than many public highways and the public streets in many cities. The construction of it may injure many of the lots of the complainant and of others, and perhaps destroy their value, but that will not be held to qualify the dedication, as the advantage to the residue of his tract laid out may have made it his interest to destroy some lots to benefit the others.

The town council, who have authority to accept this dedication, have done so by passing the ordinance complained of and annexed to the bill. The resolution, on their part, to grade and improve it as a public street, must be held to be an acceptance of it. The mere working of land opened and thrown out as a highway, by the public officers, has been held an acceptance.

The other ground of complaint, that the improvement is unwise and injudicious, and is directed to be made in such

manner as will do great injury to private property, is one that cannot be considered here. The matter of improving streets is properly entrusted to the local municipalities chosen by the inhabitants. They are better informed as to the facts and circumstances, and are no doubt more capable of forming a correct judgment upon the facts, than the courts can be. At all events, the law confers this power exclusively upon them, and were I thoroughly convinced that the projected improvements were injudicious, unwise, and productive of much more injury than good, I could not interfere with their discretion.

It is also beyond the jurisdiction of this court to examine and determine whether the proceedings of the council have been in all things according to law. That can and must be reviewed in the courts of law.

The injunction applied for must be denied.